Augusti et al. vs. Widow and Heirs of Lawless.

---

### No. 10,748.

ANTONIO AUGUSTI ET AL. VS. WIDOW AND HEIRS OF E. J. LAWLESS.

The showing made by appellees justifies a reconsideration of our final decree against them and a remanding of the cause.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

*Moise & Titche* for Plaintiffs and Appellees:

1. In a suit to annul a sale, made under Act 82 of 1884, where it is alleged, (1) that the assessment was not made in the name of the recorded owner; (2) that the owner was dead at the time the assessment was completed; (3) that the assessment was illegal at its date; and (4) that the description of the lots and the

numbers thereof in the advertisement were not correctly given according to the recorded title, does not assail the fact of assessment or advertisement; but is directed against non-essential prerequisites, which are concluded by the deed of sale. Sec. 3, Act 82 of 1884; In re. Lake, 40 An. 142; In re. Douglas, 41 An. 765.

2. Under such allegations evidence is inadmissible to prove there was not in fact an assessment or an advertisement. 40 An. 142.

3. The act of payment of the tax is a recognition and adoption of the mode and manner of the assessment. Palmer vs. Board of Assessors, 42 An. 1127; Ins. Co. vs. Levi, 42 An. 432; 33 An. 416 and 532.

4. The name of the owner is part of the description, and may be a designation absolutely certain in identifying the property. 2 An. 253; 32 Penn. St., pp. 55, 57; 58 Penn. St. 290, citing 1 W. & S. 166; Desty 567, citing 66 Penn. St. 229, and p. 568, citing 22 Cal. 373.

5. Property may be identified and designated with sufficient certainty otherwise than by numbers of lots. 29 An. 639; 24 An. 619. Marks and surveys are not the exclusive indices. 32 Penn. St., pp. 55, 57; 18 Penn. St., p. 151; 58 Penn. St., p. 290; Desty, 567, 568.

6. If the fact of assessment and advertisement is considered an issue under the pleadings, the case should be remanded, as plaintiff was surprised and did not attempt to prove these essential facts, which could easily have been done.

*W. S. Benedict, contra.*

ON APPLICATION FOR REHEARING.

FENNER, J. On the showing made by plaintiffs and appellees, in this application, we conclude that the interests of justice will be subserved by remanding this case for fuller proof as to the facts concerning the assessment and description of the property.

It is, therefore, ordered and decreed that our former decree be amended by rescinding that portion thereof which perpetuated the injunction, and by inserting, in lieu thereof, our order that the case be remanded to the lower court for further proceedings, according to law, costs of this appeal to be paid by appellees, and those of the lower court to abide the final result; and that, in other respects, our former decree remain undisturbed.